The bill was filed to obtain a perpetual injunction on a ^011^ alleged to have been obtained by the fraud and importunity of Greenland from a young man, on Ms com*nS °f agc, for a debt said to be due by his father’s estate on account, hut which was not justly due to Greenland. The defendant Greenland swore that the bond was obtained from G. Simmons the younger, fairly and without importunity, for a debt due by his father (whose estate he inherited) on an account which he knew and admitted to be justly due to him.
The defendant G. Parker swore that the bond was assigned to him for a valuable consideration: and that on applying to Mr. G. Simmons the obligor, for payment, he promised payment, and made no objection to the justice of the debt, though he complained of the indelicacy of Mr. Greenland in assigning the bond without his knowledge.
The court said that the only question was whether the bond should he set aside as obtained by fraud or imposition, and the account of Greenland opened and unra-velled. The court said that this ought not to be done in the present case, because it appeared from the testimony that the bond had been given voluntarily, and without imposition. That (though tho son had given his own bond for his father’s debt) there was no law which declares that a bond given voluntarily, and under no restraint, should be void. To he sure, if it were merely voluntary, it would be postponed to real debts, even simple contract debts. As, however, there was an ascertained error of 45Í. in the account on which the bond had been given, the court ordered that sum to he deducted from the principal of the bond, but refused to open the account generally, there being no proof of fraud or surprise in obtaining it. The balance of the bond and interest was or-' dered to be paid.